**MOBAY CHEMICAL CORPORATION, Plaintiff,**

v.

**Douglas M. COSTLE, Administrator, United States Environmental Protection Agency, Defendant.**

Civ. A. No. 81–373.

United States District Court, W. D. Pennsylvania.

June 12, 1981.

Daniel M. Dibble, C. David Barrier, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., Cloyd R. Mellott, John W. Ubinger, Jr., Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for plaintiff.

Bruce Antkowiak, Craig R. McKay, Asst. U. S. Attys., Pittsburgh, Pa., Patrick J. Cafferty, Jr., Stephen D. Ramsey, U. S. Dept. of Justice, Pollution Control Section, Washington, D. C., for defendant.

## MEMORANDUM

McCUNE, District Judge.

We consider defendant EPA's Motion to Vacate and Dissolve Injunction issued by Judge Elmo B. Hunter of the United States District Court for the Western District of Missouri.

Judge Hunter granted declaratory and injunctive relief to plaintiff, Mobay Chemical Corporation (Mobay), from the operation of the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C.A. §§ 136–136y (1980) in certain respects. He issued his order on March 14, 1978. *See Mobay Chemical Corp. v. Costle*, 447 F.Supp. 811, 834–35 (W.D.Mo.1978). On September 30, 1978, FIFRA was amended. Many of the amendments altered provisions of FIFRA which had been the subject of Judge Hunter's order.

On June 29, 1979, defendant filed the instant motion pursuant to Fed.R.Civ.P. 60(b). It asserted that the amendments now authorized what the injunction prohibited. It contends that it is unnecessary and inequitable for the injunction to operate in the face of the 1978 amendments.

Earlier, on May 1, 1979, Mobay had filed a complaint in this district at Civil Action No. 79–591, challenging the 1978 amendments. By memorandum and order filed concurrently with this memorandum and order, we have adjudicated that case. See *Mobay Chemical Corp. v. Costle,* 517 F.Supp. 254 (W.D.Pa.1981).

By order filed February 26, 1981, Judge Hunter transferred the defendant's Motion to Vacate and Dissolve to this court.

Judge Hunter's 1978 order contains 14 paragraphs, 5 of which defendant seeks to have deleted or modified.

In Paragraph No. 9, Judge Hunter

ORDERED that defendant, his officers, agents, employees and representatives be, and they are hereby, forever and permanently enjoined from considering or using any information, research and test data submitted by plaintiff to the Administering Agencies on or after January 1, 1970, which contains or relates to trade secrets or other confidential or privileged commercial or financial information in support of any application for registration in which an applicant seeks to rely on such data until such time as defendant shall have obtained the express written permission of plaintiff.

Section 3(c)(1)(D), as amended in 1978, permits EPA to use data submitted on or after January 1, 1970, by an applicant to support other applications without the permission of the data submitter, unless the data submitter is eligible for the exclusive use provision found in § 3(c)(1)(D)(i), 7 U.S.C.A. § 136a(c)(1)(D)(i). We have today found § 3(c)(1)(D) to be valid. Consequently, we delete Paragraph No. 9 from Judge Hunter's order.

In Paragraph No. 3, Judge Hunter

ORDERED that the portion of this action involving the question of which portions of the information, research and test data submitted by plaintiff in support of applications for registration or tolerances contain or relate to trade secrets or commercial or financial information which is privileged or confidential be, and it is hereby, remanded to the Administrator of the Environmental Protection Agency for his determination under the proper legal standard set forth herein. At the time of the order, no data could be relied on pursuant to § 3(c)(1)(D) if they were protected from disclosure by § 10(b), the trade secrets provision. The 1978 amendments removed this qualification from § 3(c)(1)(D), however. Consequently, EPA need not make this determination anymore. We thus grant EPA's motion to delete this paragraph from the order.

In Paragraph No. 4, Judge Hunter

ORDERED and declared that § 3(c)(1)(D) of FIFRA, as amended, precludes defendant, without prior permission of plaintiff, from considering in support of another's application for registration any information, research and test data submitted by plaintiff to the Administering Agencies on or after January 1, 1970, which does not contain or relate to trade secrets or commercial or financial information which is privileged or confidential unless such other applicant shall first have made a valid and binding offer to plaintiff to pay reasonable compensation to plaintiff for producing such data.

In Paragraph No. 10, he

ORDERED that defendant, his officers, agents, employees and representatives be, and they are hereby, forever and permanently enjoined from considering or using any information, research and test data submitted by plaintiff to the Administering Agencies on or after January 1, 1970, which does not contain or relate to trade secrets or other confidential or privileged commercial or financial information in support of any application for registration in which an applicant seeks to rely on such data until such time as the Administrator shall have obtained the express written permission of plaintiff or the subsequent applicant shall first have made to plaintiff a valid and binding offer to pay reasonable compensation to plaintiff for use of the data.

Both of these paragraphs affect EPA's use of *non* trade secret data. They are incon-

sistent with § 3(c)(1)(D), which, as we have said, permits EPA to use data submitted on or after January 1, 1970, to support other applications without the permission of the data submitter (unless the data submitter is eligible for the exclusive use provision). The data submitter may receive compensation for use of his data for a period of 15 years after he has submitted them, but when that period expires, the data become noncompensable.

We therefore modify Paragraphs Nos. 4 and 10 so that they reflect this construction of § 3(c)(1)(D).

EPA also had sought the deletion of Paragraph No. 2, by which Judge Hunter

ORDERED and declared that the term "trade secret" as utilized in § 10 of FIFRA, as amended, means "... any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it," Restatement, Torts, Section 757, Comment b (1939), taking into account these factors set forth in the Restatement of Torts and in Senate Report 92–838 (Part ii), 92d Cong., 2d Sess., p. 72.

In its Supplemental Memorandum, EPA withdrew its request that this paragraph be deleted.